STATE OF MAINE  SUPERIOR COURT
CUMBERLAND, ss.  CIVIL ACTION
  DOCKET NO.

| | |
|---|---|
| JOHN DOHERTY<br><br>      Plaintiff<br><br>vs.<br><br>UNITED AIRLINES, INC.<br><br>      Defendant | **COMPLAINT<br>AND DEMAND<br>FOR JURY TRIAL** |

NOW COMES the Plaintiff, John Doherty, by and through his attorneys, Garmey Law and seeks judgement in his favor and monetary damages from Defendant United Airlines, Inc. ("United Airlines") as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff John Doherty is a natural person, resident and citizen of the City of Brunswick, County of Cumberland, State of Maine.

2. Upon information and belief, Defendant United Airlines, Inc. is a corporation organized and existing under the laws of the State of Delaware, licensed to do business in the State of Maine.

3. The Court has jurisdiction over this action pursuant to 4 M.R.S.A. §105.

4. Venue is proper in accordance with 14 M.R.S.A. §501.

### COUNT I: NEGLIGENCE

1

5. On October 9, 2021, Plaintiff was a passenger on a United Airlines scheduled to travel from Denver, Colorado to Portland, Maine.

6. At or around the time Plaintiff purchased his ticket from Denver to Portland, he communicated to Defendant that he had disabilities, including a prosthetic leg and infection that would require Defendant to provide accessibility accommodations so he could safely get to and from his flights.

7. Plaintiff specifically requested a wheelchair for transportation from the ticket counter to the plane, and on arrival from the plane to the terminal.

8. Defendant approved his accessibility request and Plaintiff relied on Defendants representations.

9. On October 9, 2021, the United Airlines plane landed at the Portland Jetport and stopped at the tarmac.

10. Unlike other prior occasions when United Airlines employees assisted Plaintiff by transporting him in a wheelchair, on this occasion no employees from United Airlines provided a wheelchair or assisted Plaintiff.

11. Plaintiff requested a wheelchair from a flight attendant onboard the plane so he could disembark.

12. The flight attendant responded that there was no wheelchair available.

13. Plaintiff was asked to disembark the plane without a wheelchair and he walked down a ramp to the tarmac.

14. At the base of the ramp there was no wheelchair available for Plaintiffs use and he was asked to proceed to the terminal.

15. As Plaintiff walked on the tarmac he fell over and suffered severe and painful injuries, including full thickness retracted tears of his left shoulder supraspinatus and infraspinatus tendons, requiring a reverse shoulder arthroplasty.

16. Defendants conduct has caused Plaintiff to suffer pecuniary and non-pecuniary damages.

17. To date, Plaintiff has incurred over $113,000 in medical costs as a direct and proximate result of defendant's conduct.

## COUNT I
## NEGLIGENCE

18. Plaintiffs repeat and incorporate herein each and every allegation and averment contained in Paragraphs 1 through 17 of this complaint as though fully set forth herein.

19. As a business owner, Defendant, its agents and employees, owned a general duty to exercise reasonable care in the manner in which they conducted their business and to provide a safe means to embark and disembark for air travel.

20. Defendant specifically assumed a duty to accommodate Plaintiff's special needs and provide him with services which they represented would be performed with due care.

21. Defendant owed Plaintiff a duty to use reasonable care in the hiring, training, management, supervision and discipline of its agents and employees responsible for transporting Plaintiff on and off the airplane.

22. Defendant breached their duties to warn, prevent and protect Plaintiff from foreseeable harm.

23. Defendant's breach of its duties directly and proximately caused Plaintiff to suffer and sustain pecuniary and non-pecuniary damages, including past and future physical injuries

and mental anguish; he has incurred and will continue to incur medical expenses; he has suffered lost wages, lost working capacity, and lost economic opportunities; and permanent impairments.

24. As a consequence of its wrongful conduct, Defendant United Airlines is liable to Plaintiff in an amount to be determined by the court together with interest and costs.

## RELIEF SOUGHT

WHEREFORE, Plaintiff John Doherty requests judgment in his favor against the Defendant, its employees, actual and/or apparent agents on each and every claim and Count aforementioned in an amount sufficient to reasonably compensate him for his physical and mental injuries, permanent impairment, loss of enjoyment of life, past, present and future medical costs, future life care needs and any and all other appropriate economic and non-economic damages to the fullest measure allowed by law, together with costs, and interest to the highest extent allowable by law, from the earliest date allowable by law.

## PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY

DATED this 11th day of May, 2023 in Portland, Maine.

Respectfully submitted,
John Doherty
by his attorneys,

Christopher Harmon, Esq. Bar No. 5432
Christian C. Foster, Esq., Bar No. 9086
GARMEY LAW
482 Congress Street, Suite 402
Portland, ME 04101
(207) 899-4644
charmon@garmeylaw.com